## CHRISTOPHER B. BOUTON
### v.
## A. B. DEMENT ET AL., ETC.

*Creditor's Bill—Cross-bill by Assignee of Insolvent Insurance Company—Decree against Stockholder—Fraud—Parties.*

Upon a creditor's bill filed by judgment creditors of an insolvent insurance company against said company, the assignee and others, and a cross-bill filed by said assign e, it is *held:* That the company's assignee was a proper party complainant in the cross-bill; and that the evidence sustains the decree against one of the defendants finding that the company had been fraudulently deprived of certain notes given by him in payment for stock issued to him.

[Opinion filed June 28, 1887.]

APPEAL from the Circuit Court of Cook County; the Hon. THOMAS A. MORAN, Judge, presiding.

Messrs. LEAMING & THOMPSON, for appellant.

Appellant obtained the stock held by him, on January 16, 1875, by exchanging therefor stock of the Union Insurance Company. This transaction occurred and was closed nearly two years before the policy to complainants in the original bill was issued, on which their claim was based, hence said complainants are entitled to no relief on account of the holding of stock by appellant.

Complainant in the cross-bill is a voluntary assignee under a deed of assignment by the Empire Fire Insurance Company, of Wheaton, and as such possesses no other or greater powers than those possessed by this assignor at the time of the assignment. His whole power is derived from the deed of assignment. Bishop on Insolvency and Assignments, p. 270, Sec. 292; Estabrook v. Messersmith, 18 Wis. 551; Hawk's Assignee v. Pretzlaff, 51 Wis. 160; Brownell v. Curtis, 10 Paige, 210; Jones v. Yates, 9 Barn. & C. 532; Leach v. Kelsy, 7 Barb. 466; Knowles v. Lord, 4 Whart. 500 ; Starr & C. Ill. Stat., Sec. 47, Chap. 72.

The original bill having been filed on behalf of complaining creditors alone, and not on behalf of creditors generally, they could in no event be entitled to a decree for a larger amount than sufficient to liquidate their judgment and costs.

Mr. R. A. CHILDS, for appellee.

No payment has been made for the stock taken by appellant, and he is liable therefor to the creditors of the insolvent corporation. Upton v. Tribilcock, 91 U. S. 45; Sawyer v. Hoag, 17 Wall. 610; New Albany v. Burk, 11 Wall. 106 ; Morawetz on Private Corporations, 588–9; Melvin v. Lamar Ins. Co., 80 Ill. 446; Union Ins. Co. v. Freer Stone Mfg. Co., 97 Ill. 537; Brigham v. Mead, 10 Allen, 245; Seymour v. Sturgess, 26 N. Y. 134.

The decree was properly rendered in favor of the assignee for the benefit of the creditors. Dewing v. Perdicaries, 96 U. S. 193; Austin v. Daniels, 4 Den. 301; Hodges v. New Eng. Screw Co., 1 R. I. 312; Neal v. Hill, 16 Cal. 145; Charitable Corporations v. Sutton, 2 Atk. 401; Hersey v. Veazie, 24 Me. 12; Smith v. Poor, 40 Me. 415; Robinson v. Smith, 3 Paige, 222.

The assignee represents the creditors, and may pursue, collect and receive the assets, both legal and equitable, of the insolvent debtor on their behalf.

The insolvent debtors' act, as amended in 1877, has greatly extended the powers of assignees. Starr & C.'s Ill. Stat., Secs. 37, 44, 47; Paddock v. Bates, 19 Ill. App. 470.

It is the duty of the assignee, on behalf of the creditors:

1.   To present to the court their claim. Starr & C.'s Ill. Stat., Chap. 72, Secs. 37, 40.

2.   To prosecute them to judgment. Same Act, Sec. 41.

3.   He then stands as judgment creditor seeking assets of the insolvent estate, out of which such judgments may be satisfied. His position in this suit is similar to that of the complainant in the original bill, and precisely the same reasons exist for him to receive the money and to enter a decree in his favor that would exist in case of any other judgment creditor. Pennell v. Lamar Ins. Co., 73 Ill. 303.

The capital stock of a corporation can not be relieved from

Bouton v. Dement.

his liability to creditors by any artifice, device, mistake or change in the character, whether the transaction be *bona fides* or *mala fides*.   Upton v. Tribilcock, 91 U. S. 45; Sawyer v. Hoag, 17 Wall. 610; Cumberland C. & I. Co. v. Parish, 42 Md. 600; Emporium R. E. & Mfg. Co. v. Emrie, 54 Ill. 345; Thompson's Liability of Stockholders, Secs. 11, 13, 357; Wood v. Dummer, 3 Mason, 308; Adler v. Milwaukee Patent Brick Co., 13 Wis. 60.

McAllister, P. J.   This is an appeal by Bouton from the decree of the court below for the sum of $17,584.92, rendered against him June 30, 1886, on a hearing upon pleadings and proofs in the original and cross-suits of the parties as stated below.   Such decree was based upon an alleged breach of an undertaking on the part of said Bouton to pay to the Empire Fire Insurance Company, of Wheaton, for shares of the capital stock of said company, amounting in all to $14,000, issued by said company to and taken by him January 25, 1875, but for which he had never in fact paid.

It appears that in January, 1877, said company issued a policy of insurance to appellees, Dement, Clark & Israel, upon a certain building which was burned in the next succeeding month; that about October 1, 1878, the said company becoming insolvent, made a general assignment under the statute to appellee Cole for the benefit of their creditors, which trust Cole accepted; that, October 26, 1878, Dement, Clark & Israel, having previously brought suit upon said policy against the insurance company, obtained a judgment for $3,500 as damages and $17 costs against said company, and having exhausted their remedy at law upon the judgment without avail, March 2, 1880, they brought a creditor's bill upon said judgment, setting out the matters aforesaid, among other things alleged and charged, making said company, Bouton, Cole and others, parties defendant, and praying for discovery and relief.   Bouton and others filed their respective answers. So did said Cole, but admitting all the material allegations of the bill.   He also filed a cross-bill in his character as such assignee, making all the other parties to the original bill defendants,

and alleging Bouton's liability to said company and breaches of trust on his and the part of other directors and officers of said company, praying for the proper relief and, that the moneys to be collected of the several parties charged with liability to said company be required to pay the several amounts found against them to him, to be distributed among the creditors of the said company under the directions of the court.

The evidence shows that at or immediately after the time when Bouton took said shares of stock he was elected and appointed one of the directors and a member of the finance committee of said corporation, which position he accepted and continued to hold down to the time of the said general assignment; that at the time of taking said shares of stock, he, Bouton, gave his promissory note to said company as security for the payment therefor, in the sum of $10,000, payable in three years with interest at the rate of 8 per cent. per annum, which note was secured by a deed of trust of certain lands situate in Hyde Park, executed by said Bouton to one Hoyt as trustee; that in April, 1877, Bouton then fearing that he was insolvent and would be compelled to go into bankruptcy, by a collusive arrangement between himself and some other officers of said company, obtained a surrender to him of said note without other consideration than that of substituting in its place the note of one of his employes—a wholly irresponsible person, financially—for $11,200, that being the amount due at the time on the surrender of the note, had said Hoyt reconvey to him the land described in said trust deed, and then executed another deed of trust of the same land, to secure the substituted note. But it appears from the evidence that afterward, by skillful manipulations and abuse of trust on Bouton's part and that of other officers of said corporation, he, Bouton, at a cost to him of only about $1,500, got back into his own possession said substituted note, so that said company has by such fraudulent means been deprived of both of said notes and payment for said shares of stock to the injury of its creditors.

The point has been made by Bouton's counsel on this appeal, that the company's assignee was not authorized and was

not the proper party as complainant, to pursue him and recover upon said claim in and by such cross-bill. We are unable to perceive any just legal foundation for the objection. The authorities cited by the appellee's counsel, in our opinion, fully justify the procedure in the court below, and that the decree is supported by the evidence there seems to us to be no reason to doubt. The decree will therefore be affirmed.

*Affirmed.*

Moran, J., took no part in the decision of this case.